IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | 1:23-cv-06107 |
| | ) | |
| vs. | ) | Judge Kocoras |
| | ) | |
| SILVER FINANCIAL CAPITAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF JOSEPH MORGAN'S**
**MOTION TO REMAND AND FOR ATTORNEY'S FEES**

Plaintiff Joseph Morgan respectfully requests that the Court remand this matter to the Circuit Court of Cook County and award attorney's fees against Defendant.

In support thereof, Plaintiff states:

1. On August 2, 2023, Plaintiff Joseph Morgan filed a Complaint / Motion to Vacate Arbitration Award ("Motion to Vacate") in the Circuit Court of Cook County, Chancery Division, requesting that the court set aside an arbitration award dated June 30, 2023 rendered by JAMS arbitrator John C. Griffin. Plaintiff contended that the arbitrator exceeded his authority under the Federal Arbitration Act by construing an arbitration agreement to waive Mr. Morgan's statutory rights under the Illinois Predatory Loan Prevention Act, even though the United States Supreme Court has held that an arbitration clause merely provides an alternative forum and cannot waive statutory rights. *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1919 (2022).

2. On August 25, 2023, Silver Financial Capital, Inc. ("Defendant") removed the case to the U.S. District Court for the Northern District of Illinois. *See* Dkt. 1.

3. Defendant's Notice of Removal states that, "[t]he State Court Action seeks to set aside an award made in favor of Silver pursuant to the parties' arbitration agreement, subject to the

Federal Arbitration Act." *See* Notice of Removal, Dkt. 1. at p. 2. Defendant claimed that "[t]his Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Silver pursuant to the provisions of 28 U.S.C § 1441(c) in that it is a civil action arising from a federal question." *Id.*

4. For at least 50 years, it has been settled that the Federal Arbitration Act does **not** bestow federal jurisdiction. In *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983), the Supreme Court stated:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U. S. C. § 1331 (1976 ed., Supp. V) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue. *E.g., Commercial Metals Co. v. Balfour, Guthrie, & Co.,* 577 F.2d 264, 268-269 (CA5 1978), and cases cited. Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence. Nevertheless, although enforcement of the Act is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by the federal courts where otherwise appropriate.

This holding was reaffirmed in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008), where the Court stated:

> As for jurisdiction over controversies touching arbitration, the Act does nothing, being "something of an anomaly in the field of federal-court jurisdiction" in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n. 32 (1983); see, e.g., 9 U.S.C. § 4 (providing for action by a federal district court "which, save for such [arbitration] agreement, would have jurisdiction under title 28").

In *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009), the Supreme Court again held:

> "As for jurisdiction over controversies touching arbitration," however, the Act is "something of an anomaly" in the realm of federal legislation: It "bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis" over the parties' dispute. *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 581-582 (2008) (quoting *Moses H. Cone,* 460 U.S., at 25, n. 32). Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of

agreements to arbitrate. . . . .

Most recently, in *Badgerow v. Walters,* 142 S. Ct. 1310, 1316 (2022), the Supreme Court held:

> . . . Typically, an action arises under federal law if that law "creates the cause of action asserted." *Gunn v. Minton*, 568 U. S. 251, 257 (2013). So when federal law authorizes the action, the party bringing it—once again, typically—gets to go to federal court.
>
> But that is not necessarily true of FAA-created arbitration actions. As noted above, the FAA authorizes parties to arbitration agreements to file specified actions in federal court—most prominently, petitions to compel arbitration (under Section 4) and applications to confirm, vacate, or modify arbitral awards (under Sections 9 through 11). See supra, at 1. But those provisions, this Court has held, do not themselves support federal jurisdiction. *See Hall Street,* 552 U. S., at 581-582; *Vaden*, 556 U. S., at 59. (Were it otherwise, every arbitration in the country, however distant from federal concerns, could wind up in federal district court.) A federal court may entertain an action brought under the FAA only if the action has an "independent jurisdictional basis." *Hall Street,* 552 U. S., at 582. That means an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring "access to a federal forum." *Vaden*, 556 U. S., at 59. If she cannot, the action belongs in state court. The FAA requires those courts, too, to honor arbitration agreements; and we have long recognized their "prominent role" in arbitral enforcement. Ibid.; see id., at 71; *Southland Corp. v. Keating,* 465 U. S. 1, 12-16 (1984).

5.  The underlying claim that was the subject of the arbitration in this matter did not involve a federal question.  Defendant does not claim that it does.

6.  The jurisdictional amount for diversity jurisdiction is not met with respect to the underlying claim that was the subject of the arbitration.  Defendant does not assert that diversity jurisdiction exists.

7.  Instead, Defendant asserts that the Federal Arbitration Act is a federal statute that confers federal question jurisdiction when used to challenge an arbitration award, even though the underlying dispute is not within the jurisdiction of the federal courts.

8.  Given the repeated contrary holdings of the Supreme Court, Defendant's position is nothing short of frivolous.

9.  The case should be remanded to the state court.

10.  Plaintiff also requests attorneys' fees and costs pursuant to 28 U.S.C. §1447(c)

which states that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), the Supreme Court held that, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

11. Removing a case on a basis repeatedly rejected by the Supreme Court beginning over 50 years ago is not reasonable. If anything, it is sanctionable.

WHEREFORE, the Court should remand this matter to the Circuit Court of Cook County and award Plaintiff attorney's fees for having to bring this motion.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Matthew J. Goldstein
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

4

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on Monday, August 28, 2023, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.


                                    */s/ Daniel A. Edelman*
                                    Daniel A. Edelman