UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23 C 6107 |
| | ) | |
| SILVER FINANCIAL CAPITAL, INC., | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's Motion to Remand and For Attorney's Fees [6] is granted. Plaintiff's itemization of costs and fees is due by 12/12/23. Response is due by 12/19/23. The Clerk's Office is directed to remand this case to the Circuit Court of Cook County. See Statement for details.

## STATEMENT

On August 2, 2023, Plaintiff Joseph Morgan filed a "Complaint / Motion to Vacate Arbitration Award" in the Circuit Court of Cook County Chancery Division against Defendant Silver Financial Capital, Inc. ("Silver"). Dkt. # 1-1. Morgan asked the court to set aside an arbitration award rendered by an arbitrator in June 2023, claiming that the arbitrator exceeded his authority under the Federal Arbitration Act ("FAA"). According to Morgan, the arbitrator incorrectly construed an arbitration agreement to waive Morgan's statutory rights under the Illinois Predatory Loan Prevention Act, despite the U.S. Supreme Court's opinion in *Viking River Cruises, Inc.*

*v. Moriana*, 142 S. Ct. 1906, 1919 (2022), holding that an arbitration clause merely provides an alternative forum and cannot waive statutory rights.

Silver was served with the complaint on August 4, 2023, Dkt. # 15-1, and removed the case to the Northern District of Illinois on August 25, 2023, Dkt. # 1. The Notice of Removal stated that the basis for removal was federal question jurisdiction: "The State Court Action seeks to set aside an award made in favor of Silver pursuant to the parties' arbitration agreement, subject to the [FAA]. This Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Silver pursuant to the provisions of 28 U.S.C. § 1441(c) in that it is a civil action arising from a federal question." Dkt. # 1, ¶¶ 6–7; *see also id.*, ¶ 1 (citing Section 1331). Morgan now moves to remand the action back to state court and for attorneys' fees ("Motion for Remand"). Dkt. # 6.

A defendant may remove a case to federal court if the federal district court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441; 28 U.S.C. §1446. Removal under § 1441 is strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), and the party seeking removal has the burden of establishing that removal is appropriate, *Application of Cnty. Collector of Cnty. of Winnebago, Ill.*, 96 F.3d 890, 895 (7th Cir. 1996). Any doubts in favor of federal court jurisdiction favors remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). This policy has always been "rigorously enforced by the courts," *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938), and "the federal courts

2

are obliged to police the constitutional and statutory limitations on their jurisdiction." *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986).

In the Motion for Remand, Morgan argues that Silver removed the action to federal court based on federal question jurisdiction, but that "[f]or at least 50 years, it has been settled that the [FAA] does *not* bestow federal jurisdiction." Dkt. # 6, ¶¶ 3–4 (citing multiple opinions of the U.S. Supreme Court) (emphasis in original). He states that "[t]he underlying claim that was the subject of the arbitration in this matter did not involve a federal question" and Silver "does not claim that it does." *Id*. ¶ 5. Morgan further notes that "[t]he jurisdictional amount for diversity jurisdiction is not met with respect to the underlying claim" and, in any case, Silver "does not assert diversity jurisdiction exists." *Id.* ¶ 6. "Given the repeated contrary holdings of the Supreme Court," he continues, Silver's "position is nothing short of frivolous" and the "case should be remanded to the state court." *Id*. ¶¶ 8–9.

In response, Silver does not dispute that the FAA "does not bestow federal question jurisdiction." Dkt. # 14, at 2. Rather, Silver argues that it "does claim, however, that diversity jurisdiction exists with this Court." *Id*.

Silver asserts that on September 14, 2023, its counsel "filed the Civil Cover Sheet for this case [] that had inadvertently not been filed at the time the Notice of Removal was filed. The Civil Cover Sheet notes the basis of this Court's jurisdiction as diversity, and shows the nature of the suit as arbitration." *Id*. Silver's counsel claims that he "did not have any knowledge of [Motion for Remand] until checking PACER on September

3

7, 2023 to view the Court's docket of this case" and filed his attorney appearance that day and the Civil Cover Sheet a week later. *Id*.

Silver notes that the "Notice of Removal cites the residence of Morgan in the state of Illinois, and the residence of Silver in Utah, which is necessary to establish diversity jurisdiction." *Id*. It continues:

> The Notice of Removal should have recited facts of the matter which further supported the diversity jurisdiction of this Court in addition to the respective residences of the parties. . . . Morgan does not make any argument with regard to the second part of establishing diversity jurisdiction which is the amount in controversy exceeds $75,000. Though the Notice of Removal did not contain details showing the amount in controversy exceeded $75,000, the Civil Cover Sheet filed as soon as Silver had notice of the Motion to Remand clearly shows that diversity was intended to be used for the jurisdictional basis for the removal.

*Id*. at 2–3 (citation omitted). Silver argues that it "can certainly establish that the amount in controversy exceeds $75,000 since the underlying matter involved claims of actual damages, statutory damages, punitive damages and attorney fees which cumulatively could have exceeded $75,000 had Morgan prevailed on its arbitration claims." *Id*. at 3.

Silver "concedes that the Notice of Removal was not well written" but argues that "when combined with the Civil Cover Sheet, together they would make a 'plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Id*. (citation omitted). Silver asserts that the "Notice of Removal could be amended, even now, to clarify the jurisdictional requirement." *Id*. at 4.

After Silver was served with the complaint on August 4, 2023, it had 30 days to file a notice of removal stating the grounds for removal. 28 U.S.C. § 1446. On reply, Morgan argues that a removal petition cannot be amended after the 30-day period in order to state a completely different ground for removal. Dkt. # 15, at 2. We agree.

*Samori v. Ralphs Grocery Co.*, 2021 WL 1212798, at *4 (N.D. Ill. 2021), is instructive. There, the defendant sought removal on the basis of diversity jurisdiction but failed to allege the required consent to removal and diversity of citizenship. The court ruled that those deficiencies could be cured by amendment after the 30-day removal period. But the court explicitly stated that "a removing defendant may not, after the 30-day deadline has passed, add new or different grounds for federal jurisdiction than those stated in the original notice." *Id*. The court cited Wright and Miller's Federal Practice and Procedure, which states that "[p]rior to the expiration of the 30-day period for removal, the defendants may freely amend the notice of removal. Thereafter, however, most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated in the original notice." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (rev. 4th ed. 2020). The court continued: "So if a removal notice invokes one ground, like federal-question jurisdiction, after the 30-day period expires, the removing defendant may not switch gears and invoke diversity jurisdiction." *Samori*, 2021 WL 1212798, at *4.

The court in *Barrientos v. Williams-Sonoma, Inc.*, 2023 WL 5720855, at *10 (N.D. Ill. 2023), followed *Samori*. It granted the plaintiff's motion for remand because the defendant, who sought to assert an entirely new basis for federal jurisdiction, could not "at this late stage, change horses midstream and argue that the Court has jurisdiction under [the Class Action Fairness Act]." *Id*.

Silver concedes that the Notice of Removal did not assert diversity jurisdiction: "The Notice also recites the Court's original jurisdiction pursuant to 28 U.S.C. § 1331 and states that it is subject to removal as a civil action arising from a federal question." Dkt. # 14, at 2. Its attempt to do so now via amendment is untimely and not permitted. *See Barrientos*, 2023 WL 5720855, at *10; *Samori*, 2021 WL 1212798, at *4. The Civil Cover Sheet "inadvertently" filed late, 41 days after Silver was served with the complaint, 20 days after the Notice of Removal, and 17 days after the Motion for Remand, seems to be an after-the-fact, last-ditch effort to save federal jurisdiction. That Silver's counsel was not "aware" of the Motion for Remand until September 7 is no excuse—it is counsel's responsibility to file the appropriate appearances and stay on top of filings and deadlines.[1] The Motion for Remand is therefore granted.

In addition, Morgan requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just

---

[1] Even after counsel's appearance was on file, he missed the deadline to respond to the Motion for Remand. Dkt. # 8. Counsel sought leave to file a late response 22 days after the deadline passed. Dkt. # 12. The Court granted the motion for leave in the interest of resolving the Motion for Remand on the merits. Dkt. # 13.

6

costs and any actual expenses, including attorney fees, incurred as a result of the removal." He cites *Martin v. Franklin Capital Corp.*, for the proposition that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. 132, 141 (2005). Morgan argues that "[r]emoving a case on a basis repeatedly rejected by the Supreme Court beginning over 50 years ago is not reasonable. If anything, it is sanctionable." Dkt. # 6, ¶ 11.

Silver does not respond and thus waives its argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

"Objectively unreasonable" under Section 1447(c) means that "clearly established law demonstrated that [the defendant] had no basis for removal[.]" *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009). The Court agrees with Morgan that Silver's attempt at removal based on federal question jurisdiction was not "objectively reasonable" in the light of controlling Supreme Court case law. *See Martin*, 546 U.S. at 141*; see also Mocek v. AllSaints USA Ltd.*, 220 F. Supp. 3d 910, 914–15 (N.D. Ill. 2016) ("[I]t should have been obvious to defendant, based on well-settled law, that . . . the only possible outcome was for the case to end up right back where it started: in state court."). "[T]he impropriety of removal here was not a close question" and Silver "marshalled no cases supporting the result contended for[.]" *Jackson Cnty. Bank v.*

7

*Dusablon*, 2018 WL 7204225, at *7 (S.D. Ind. 2018). Rather, Silver freely admits that the FAA "does not bestow federal question jurisdiction[,]" the sole basis on which removal was originally sought. *See* Dkt. # 14, at 2.

We therefore award Morgan its costs and fees incurred in opposing removal. Because Morgan has not submitted an itemization of costs and fees, it may do so by December 12, 2023. Silver may respond by December 19, 2023. "[E]ven after remanding a case to state court, a district court retains jurisdiction to decide collateral matters like fee awards." *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014).

## **CONCLUSION**

For the foregoing reasons, Morgan's Motion to Remand and For Attorney's Fees [6] is granted. Morgan's itemization of costs and fees is due by 12/12/23. Response is due by 12/19/23. The Clerk's Office is directed to remand this case to the Circuit Court of Cook County. It is so ordered.

Dated: November 28, 2023

*Charles P. Kocoras*
_____
Charles P. Kocoras
United States District Judge